UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/2013

16 CASE DUSE, LLC,

                                            Plaintiff,

        -v-

ALEX MERKIN, et al.,

                                            Defendants.

No. 12 Civ. 3492  (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

        Now before the Court is Plaintiff's application for costs and attorneys' fees (Doc. No. 62),

pursuant to the Court's Order awarding Plaintiff (1) costs and fees from Defendant Merkin in

connection with Plaintiff's copyright claims and Defendants' copyright counterclaims; and (2)

costs and fees from Defendants' counsel, Maurice Reichman, in connection with the excess

expense caused by Reichman's unreasonable conduct (Doc. No. 60 at 19, 22).  In deciding this

application, the Court has also considered Merkin and Reichman's objections to the application

(Doc. No. 69) and Plaintiff's supplemental calculations of fees and costs (Doc. Nos. 72, 73).[1]  For

the reasons set forth below, the Court awards Plaintiff $185,579.65 in costs and fees.

                                I.  BACKGROUND

        The Court assumes the reader's familiarity with most of the facts and background of this

case.[2]  The Court therefore limits its discussion here to the facts relevant to this Order.  Plaintiff's

First Amended Complaint included six claims, three of which sought declaratory judgment under

---

[1] Merkin and Reichman declined to file a response to Plaintiff's supplemental calculations.  (See Ex. A.)

[2] For a detailed history of this case, see the Court's September 30, 2013 Order (Doc. No. 60 at 2–7).

the federal copyright laws and three of which sought damages and equitable relief under state law. (Doc. No. 24.) Defendants responded with seven counterclaims, six of which sought declaratory judgment under the federal copyright laws and one of which sought damages under state law. (Doc. No. 27.) On September 30, 2013, the Court granted Plaintiff summary judgment on all of its claims, dismissed three of Defendants declaratory judgment counterclaims, and denied Defendants' remaining declaratory judgment counterclaims. (Doc. No. 60 at 22.) Defendants voluntarily dismissed their remaining state law claim on November 18, 2013. (Doc. No. 71.) As part of the Court's September 30 Order, the Court awarded Plaintiff attorneys' fees and costs in connection with its copyright claims and Defendants' copyright counterclaims, pursuant to 17 U.S.C. § 505.[3] (Doc. No. 60 at 19.) In addition, the Court found that Reichman, Defendants' counsel, had acted "unreasonably and vexatiously" by making frivolous claims and meritless arguments. (*Id.* at 19–22.) This conduct included sending a cease-and-desist letter based on a meritless infringement claim that destroyed an important business opportunity for Plaintiff, making numerous arguments before the Court that contradicted relevant statutes, and ignoring authority cited by both the Court and Plaintiff that undermined Defendants' claims. (*Id.*) As a result, the Court sanctioned Reichman and awarded Plaintiff the excess costs and attorneys' fees incurred as a result of Reichman's conduct, pursuant to 28 U.S.C. § 1927.[4] (*Id.* at 22.)

---

[3] "In any civil action under [the copyright laws], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

[4] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

## II.  DISCUSSION

In determining how much to award Plaintiff from Merkin and Reichman, the Court must address two issues.  First, the Court must determine whether Plaintiff's requested costs and fees are reasonable.  Second, the Court must determine which expenses are attributable to whom – that is, whether an expense should be properly paid by Merkin or Reichman.  The Court addresses each issue in turn.

### A.  Reasonableness

In the Second Circuit, fee awards are calculated using the "presumptively reasonable fee" approach.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 189 (2d Cir. 2008).  This method "boils down to [asking] what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted).  In considering the reasonableness of a fee award, a court should consider both the reasonableness of the hourly rates and the reasonableness of the hours spent.  *See Kingvision Pay-Per-View Ltd. v. Zalazar*, 653 F. Supp. 2d 335, 343 (S.D.N.Y. 2009).

Plaintiff seeks $190,666.80 in costs and fees.  Of that total, $178,924 reflects attorneys' fees incurred during the course of the litigation; $5,786.78 is costs; and $5,956 represents fees incurred in preparing this fee application.  (Doc. No. 62 at 1; Doc No. 73 at 1); *see also Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("[A] reasonable fee should be awarded for time reasonably spent in preparing and defending an application for [fees].").  In support of its application, Plaintiff provided a legal memorandum; a detailed, nine-page declaration from the primary partner on the case; and thirty-three pages of billing invoices.  (Doc. No. 62 Exs. 1, 3.)  In contrast, Merkin and Reichman's opposition cites no authority and provides no specific objections.  Instead, they submit a single paragraph of argument that explicitly "limit[s] their

3

objections" to the claim that the award Plaintiff seeks "would be grossly improper and unreasonable" in comparison with the $45,000 budget for the film at the center of the case. (Doc. No. 69.)

A party cannot offload its burden of making objections by making no objections and hoping the Court will conduct a searching review of its own. If the Court had to do a party's work for it, then no party would have an incentive to review a fee request and the Court's time would inevitably be wasted. As such, where a party makes no specific objections to a fee award, the Court will review the fee application for obvious errors or clear unreasonableness only. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) ("[C]ourts have recognized that it is unrealistic to expect a trial judge to evaluate and rule on every entry in [a fee] application.").

Here, the Court finds no obvious errors or clear unreasonableness. The hourly rates charged are all reasonable. The most expensive attorney billed $385 per hour, but most of the attorneys' fees were earned by Eleanor Lackman, who has ten years of copyright litigation experience and who billed at an average of $346.35 per hour. (Lackman Decl. ¶¶ 11, 13.) The second highest biller was an associate, Joshua Wolkoff, who billed at only $180 per hour. (*Id.* ¶ 11.) All of these rates are well below what other courts in this district have found reasonable. *See Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (citing cases awarding fees of up to $650 per hour in copyright matters).

The Court also finds the hours spent to be reasonable. All told, Plaintiff's attorneys and paralegals did 720 hours worth of work. (Lackman Decl. ¶ 11.) The vast majority of these hours are almost evenly split between Lackman and Wolkoff, who billed 257.6 hours and 294.8 hours, respectively. (*Id.*) Although this is a large number of hours, the Court cannot say it was unreasonable to spend that many hours on a case that dragged on for over a year-and-a-half and

involved a preliminary injunction, summary judgment, and numerous rounds of fruitless settlement negotiations. (Doc. No. 60 at 2–6.)

Additionally, the Court's finding of reasonableness is supported by Plaintiff's actual payment of all of the legal fees at issue. (Lackman Decl. ¶ 4.) Because attorneys' fees are partly meant to be compensatory, *see Gordon v. McGinley*, No. 11 Civ. 1001 (RJS), 2013 WL 1455122, at *3–4 (S.D.N.Y. Mar. 28, 2013), and because the reasonableness of a fee is generally based on the willingness of a client to pay, *Simmons*, 575 F.3d at 174, this payment is strong evidence that Plaintiff's fee request is proper.

Further, the Court finds $5,956 for fees incurred preparing the fee application to be reasonable. The fees for the preparation of the fee application – less than $6,000 for almost 27 hours – are also within the standard range for the district. *See De Los Santos v. Just Wood Furniture*, No. 05 Civ. 9369 (WWE), 2010 WL 445886, at *4 (S.D.N.Y. Feb. 2, 2010) (awarding $8,981 in fees spent on preparing a fee application); *Ross v. Thomas*, No. 09 Civ. 5631 (SAS), 2011 WL 2207550, at *6 (S.D.N.Y. June 6, 2011) (awarding $44,191.11 in fees spent on preparing and defending a fee application); *United States ex rel. ATC Distribution Grp., Inc. v. Ready-Built Transmissions, Inc.*, No. 03 Civ. 2150 (GWG), 2007 WL 2522638, at *6–7 (S.D.N.Y. Sept. 7, 2007) (finding approximately 36 hours of work on a fee application to be reasonable).

As for the costs, however, the Court only finds $699.65 to be reasonable. Most of the costs – $5,087.13 out of $5,786.78 – are the result of loans that Plaintiff had to take out to pay its legal bills during the litigation. (Lackman Decl. ¶ 4.) Awarding those costs would be functionally equivalent to awarding prejudgment interest on the fee award – both represent the time-value of money lost as a result of the legal bills. Plaintiff has not cited any authority supporting the award of prejudgment interest or loan expenses, and the Court is aware of none. As such, the Court finds that payment of the $5,087.13 in loan costs would be unreasonable. Nevertheless, the remaining

5

costs – $699.65 – are all standard litigation expenses, such as a filing fee and transcript costs (*id.*), all of which the Court finds to be reasonable.

Accordingly, the Court awards Plaintiff $185,579.65, equal to the sum of $178,924 in attorneys' fees, $5,956 in attorneys' fees incurred in preparing the application, and $699.65 in costs.

### B. Allocating the Award

As the Court has previously stated, Merkin is responsible only for expenses related to the copyright claims. (Doc. No. 60 at 19 & n.8.) Reichman is responsible for all excess expenses incurred because of his unreasonable conduct. (*Id.* at 22.)

#### 1. Merkin

Of the $178,924 in attorneys' fees spent on the litigation, $169,311 is attributable to the copyright claims.[5] Merkin is therefore responsible for $169,311 in attorneys' fees. Because the costs and the fees spent on the fee application are not easily divided into copyright and non-copyright expenses, the Court allocates responsibility for these costs and fees based on the proportion of the attorneys' fees spent on copyright claims. Of the $178,924 in attorneys' fees, approximately 95% were attributable to the copyright claims. Thus, Merkin should be responsible for 95% of the reasonable costs and the fees spent on the fee application, which comes out to $665 and $5,658, respectively. In total, therefore, Merkin is liable for $175,634 of the attorneys' fees and costs.

---

[5] $169,311 is calculated using a chart provided by Plaintiff listing the hourly rates and the number of hours spent on the copyright claims, as opposed to the non-copyright state law claims. (Decl. of Eleanor M. Lackman, dated Oct. 7, 2013, Doc. No. 62 Ex. 1 ("Lackman Decl."), ¶ 11.) As noted above, neither Merkin nor his counsel have specifically objected to this chart or offered evidence or authority to the contrary.

## 2.  Reichman

In some cases, it might be difficult to sort out which expenses are attributable to "excess costs" caused by an attorneys' unreasonable conduct.  Here, however, this case was entirely devoid of merit from day one.  Moreover, as the Court explained in the September 30, 2013 Order, Reichman was warned long before this litigation ever began that his claims lacked legal or factual support.  (Doc. No. 60 at 21.)  Accordingly, the Court finds that all of the expenses were caused by Reichman's unreasonable and vexatious conduct.  Reichman is therefore responsible for the full amount awarded to Plaintiff.

"The Second Circuit has held that '[a] district court may hold the responsible parties jointly and severally liable for the fee award, so long as the court make[s] every effort to achieve the most fair and sensible solution that is possible.'  However, '[a]lthough apportionment may in some cases be a more equitable resolution, there is no rule in this circuit that requires it whenever possible.'"  *DigiTelCom, Ltd. v. Tele2 Sverige AB*, No. 12 Civ. 3082 (RJS), 2012 WL 3065345, at *6 (S.D.N.Y. July 25, 2012) (quoting *Sinkov v. Americor*, 419 F. App'x 86, 93 (2d Cir. 2011)).  For lack of a more equitable solution, and in light of Merkin and Reichman's refusal to meaningfully participate in this motion, the court finds that Merkin and Reichman, who are equally at fault, shall each be jointly and severally liable for the $175,634 attributable to the copyright claims.  The Court further finds that Reichman shall be solely liable for the remaining costs and fees relating to non-copyright claims, or $9,945.65.

## C.  Proportionality

As noted above, Merkin and Reichman have objected that the fees and costs expended by Plaintiff in this lawsuit are grossly disproportionate, and therefore unreasonable, in relation to the controversy, which involved a film that was produced for $45,000.  The Court wholeheartedly agrees.  Indeed, $185,000 in legal expenses is an absurd, obscene amount for a party to have to

7

spend to defend against a case like this – which is precisely why this fee award is necessary. Had it not been for Merkin's empty claims and Reichman's collaboration in a meritless suit, Plaintiff never would have had to waste so much money to cover its legal bills. Ultimately and unavoidably, someone has to pay these expenses, and there is no just reason why it should be Plaintiff. When there are consequences to bad faith litigation, the cost should fall entirely on the responsible parties. *Cf. F.D. Rich Co., Inc. v. U.S. ex rel. Indus. Lumber Co., Inc.*, 417 U.S. 116, 129 (1974) ("We have long recognized that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .").

## III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT Plaintiff is awarded $185,579.65 in costs and fees. IT IS FURTHER ORDERED THAT Defendant Alex Merkin and his counsel, Maurice Reichman, shall be jointly and severally liable for $175,634 of this amount. IT IS FURTHER ORDERED THAT Reichman shall be solely liable for the remaining $9,945.65. SO ORDERED.

Dated:      December 9, 2013
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

8

# Ex. A

MAURICE A. REICHMAN
*Attorney at Law*
33 Greenwich Avenue
New York, New York 10014
Voice: (212) 227-8448
Fax (212) 255-2792
email *:Maurice@inareicliman.com*

**By.e-mail to sullivannysdchambers@nysd.uscourts.gov**

November 25, 2013

Honorable Richard J. Sullivan
Judge of The United States District Court
For The Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

        Re: 16 Casa Duse, LLC. v. Alex Merkin, et ano
          Index No. 12 Civ. 3492 (RJS)(HBP)

Dear Judge Sullivan:

Defendant Alex Merkin will not be filing a response to the letter of plaintiff's counsel dated November 22, 2013 regarding counsel fees.

Respectfully,

*Maurice A. Reichman*

Maurice A. Reichman
cc.: By e-mail to:
    Eleanor M. Lackman, Esq.  ELackman@cdas.com
    Joshua S. Wolkoff, Esq.  JWolkoff@cdas.com