UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

16 CASA DUSE, LLC,

                              Plaintiff,

        -v-                                                    No. 12-cv-3492 (RJS)
                                                                    ORDER
ALEX MERKIN, *et al.*,

                              Defendants.

---

RICHARD J. SULLIVAN, Circuit Judge:

        Plaintiff 16 Casa Duse, LLC ("Casa Duse") commenced this action in 2012 against Alex

Merkin ("Merkin") and A. Merkin Entertainment, LLC (together with Merkin, "Defendants"),

asserting causes of action under federal copyright law and state common law.  Casa Duse sought

declaratory judgments respecting the ownership of the copyright to a short film that Casa Duse

produced and Merkin directed, as well as damages for breach of contract, tortious interference with

business relationships, and conversion.  Merkin brought counterclaims against Casa Duse for

breach of contract and for declaratory judgments on the copyright claims.  Now before the Court

is Casa Duse's renewed motion for an award of fees, costs, and sanctions pursuant to Section 505

of the Copyright Act, 17 U.S.C. § 505, and 28 U.S.C. § 1927.  (Doc. No. 142.)  For the reasons set

forth below, the motion is DENIED.

## I. BACKGROUND

        The Court assumes the parties' familiarity with the facts and procedural history of this case

and recounts only those facts necessary to resolve the pending motion.[1]  In 2013, the Court granted

---

[1] A detailed history of this case is set forth in the Court's September 30, 2013 Order and in *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247 (2d Cir. 2015).  (*See* Doc. Nos. 60 at 2–7 and 96.)

summary judgment in favor of Casa Duse on all of its claims and denied Merkin's cross-motion for summary judgment on his counterclaims.  (Doc. Nos. 60, 75, and 80 (collectively, the "Judgment").)  In addition, the Court awarded Casa Duse a total of $185,579.65 in attorney's fees and other litigation costs.  (*See* Doc. No. 75.)  Of that amount, $175,634 was awarded pursuant to Section 505 of the Copyright Act, 17 U.S.C. § 505, for fees and costs that Casa Duse incurred in connection with litigating the parties' copyright claims.  (*See id.*)  The remaining $9,945.65 was awarded as a sanction pursuant to 28 U.S.C. § 1927 based on the Court's finding that Defendants' counsel, Maurice Reichman ("Reichman"), had acted "unreasonably and vexatiously" throughout this litigation by making frivolous claims and meritless arguments with respect to both the copyright and common law causes of action.  (Doc. No. 60 at 19–22; *see* Doc. No. 75 at 8.)

Reichman and Merkin – but not Merkin Entertainment – subsequently appealed the Judgment to the Second Circuit, arguing that the district court erred in granting summary judgment in favor of Casa Duse on the copyright claims and Casa Duse's tortious interference claim, and in awarding attorney's fees under the Copyright Act and § 1927.  Merkin did not challenge the Court's grant of summary judgment in favor of Casa Duse on its two other state law claims.[2]  The Second Circuit affirmed the Court's granting of summary judgment to Casa Duse on the copyright claims, but reversed on the tortious interference claim, which it remanded with instructions that summary judgment be entered in favor of Merkin.  *16 Casa Duse, LLC v. Merkin* ("*Casa Duse I*"), 791 F.3d 247, 264–65 (2d Cir. 2015).  The Circuit further directed that the Court "reconsider" on remand its award of fees and costs to Casa Duse.  *Id.* at 264.

---

[2] Casa Duse's complaint included claims for breach of contract and conversion relating to Casa Duse's request that Merkin return the hard drive containing the film's raw footage.  The Court construed these as a single claim for replevin under New York law, and ordered Merkin to return the hard drive and DVDs to Casa Duse.  Defendants did not appeal this portion of the Court's summary judgment order.

On remand, the Court issued an Order, dated March 16, 2016, denying Casa Duse's renewed motion for fees.  (Doc. No. 119 (the "March 16 Order"); *see also* Doc. No. 120 (vacating prior award of fees).)  In light of the Circuit's opinion – which reversed on Casa Duse's tortious interference claim and concluded that "Merkin's copyright claims . . . were not frivolous, objectively unreasonable, or patently meritless," and that there was "no indication in the record that Merkin utterly lacked belief in the merit of his copyright claim or that he intended only to harass Casa Duse," *Casa Duse I*, 791 F.3d at 262–63 – the Court determined that fees were not warranted under either § 505 or § 1927.  (Doc. No. 119 at 3–4 (quoting *Casa Duse I*, 791 F.3d at 262–263), 6–8).)  On February 17, 2017, the Court denied Casa Duse's motion for reconsideration of the Court's March 16 Order.  Although the Court acknowledged the existence of intervening Supreme Court precedent that criticized the Second Circuit's heavy emphasis on the reasonableness of a party's claims in determining costs, the Court nevertheless concluded that the need for compensation and deterrence alone could not support an award of fees in this case given the Circuit's characterization of Merkin's copyright arguments.  (Doc. No. 128 at 3–5.)

Casa Duse appealed to the Second Circuit, arguing that the Court erred in vacating its prior grant of fees and sanctions.  On October 26, 2018, the Second Circuit vacated the Court's denial of Casa Duse's renewed motion for attorney's fees and costs under § 505 and sanctions under § 1927, and remanded for further proceedings.  *16 Casa Duse LLC v. Merkin* ("*Casa Duse II*"), 740 F. App'x. 223, 225 (2d Cir. 2018).  Notwithstanding its prior statement in *Casa Duse I* that the Court should consider fees "with respect to the copyright claims only," the Second Circuit announced in *Casa Duse II* that its "prior decision . . . merely underscored that when the district court undertook the necessary reconsideration, it could not award fees based on the tortious interference claim" but could impose sanctions pursuant to § 1927 on the common law claims that

Merkin had not appealed, namely the breach of contract and conversion claims.  *Id.* at 224–25 (internal quotation marks omitted).  Furthermore, although the Second Circuit in *Casa Duse II* did not reach the issue of whether the Court abused its discretion in denying attorney's fees under the Copyright Act, it noted that "the Supreme Court has approved of a fee award under Section 505 based primarily on considerations of compensation and deterrence, even where a litigation position was not objectively unreasonable," and that "under the unique circumstances of this case, a fee award in some amount may well be warranted based on those considerations."  *Id.* at 225 (citing *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016)).

In February 2019, Reichman was relieved as counsel due to his declining health (Doc. No. 138), and he passed away later that month (*see* Doc. No. 145).  In March 2019, Casa Duse filed the current motion before the Court, seeking attorney's fees, costs, and sanctions.  (Doc. No. 142.)  In April 2019, Merkin informed the Court that he would appear before the Court *pro se*.  (*See* Doc. Nos. 149, 150.)  For the reasons stated below, Casa Duse's renewed motion for attorney's fees, costs, and sanctions is DENIED.

## II. DISCUSSION

### A. 17 U.S.C. § 505

Pursuant to 17 U.S.C. § 505, a district court has discretion to award "full costs," including "reasonable attorney[s'] fee[s]," to a "prevailing party" in a Copyright Act action. 17 U.S.C. § 505.  Fee awards, however, are not "automatic" or given "as a matter of course" under that statute.  *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 39–40 (S.D.N.Y. 2015) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533–34 (1994)).  There "is no precise rule or formula" for determining the appropriateness or magnitude of attorney['s] fees and other litigation costs pursuant to § 505, *Fogerty*, 510 U.S. at 534 (internal quotation marks omitted), and district courts considering fee awards under § 505 should assess "all the circumstances of a case on their

own terms, in light of the Copyright Act's essential goals" – namely, "encouraging and rewarding authors' creations while also enabling others to build on that work," *Kirtsaeng*, 136 S. Ct. at 1986, 1989.  In doing so, courts should consider the following "nonexclusive" factors that the Supreme Court identified in *Fogerty*:   "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) th[at] party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence."  *Casa Duse I*, 791 F.3d at 264 (quoting *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)).  While a district court is to give "'substantial weight' to the reasonableness of a losing party's litigating position[ ]," "a finding of reasonableness" should not raise a "presumption against granting fees" or otherwise be given "dispositive" weight.  *Kirtsaeng*, 136 S. Ct. at 1989.

As an initial matter, Casa Duse again asks the Court to find that Merkin's "litigating positions" were "objectively unreasonable."  (Doc. No. 143 at 10–12.)  To be sure, the Circuit in *Casa Duse I* technically left open the question of whether "Merkin's and Reichman's reliance on the Copyright Office website was objectively unreasonable."  791 F.3d at 264.  Nevertheless, the Circuit's determination in *Casa Duse I* that "Merkin's copyright claims . . . were not frivolous, objectively unreasonable, or patently meritless," and that there was "no indication in the record that Merkin utterly lacked belief in the merit of his copyright claim or that he intended only to harass" Casa Duse, *id.* at 262–63, makes it difficult for the Court to conclude that Merkin's "claims or defenses" were "objectively unreasonable."  The Court is similarly unable to find that the first and second *Fogerty* factors – "the frivolousness of the non-prevailing party's claims or defenses" and "th[at] party's motivation," *id.* at 264 – support an award of fees.

*Casa Duse II* supports this conclusion.  There, the Circuit emphasized its previous finding that "Merkin's copyright claims were not objectively unreasonable, nor advanced in bad faith,"

*Casa Duse II*, 740 F. App'x at 224, and stated that while it would "not now consider whether the district court abused its discretion when it declined to award fees under the Copyright Act on the basis of compensation and deterrence alone, . . . a fee award in some amount may well be warranted based on *those* considerations," *id.* at 225 (emphasis added).  Though the Circuit's holding was of course limited, it did not appear to question the Court's interpretation of *Casa Duse I*'s assessment of the reasonableness (as well as the frivolousness and motivation) of Merkin's claims.  Thus, while this Court has made clear that it respectfully disagrees with *Casa Duse I*'s assessment in this respect, the Court cannot simply ignore the Circuit's pronouncements. Accordingly, the Court finds that the Circuit's conclusions in *Casa Duse I* effectively dispose of the first three *Fogerty* factors in Merkin's favor.

As to the fourth *Fogerty* factor – principles of compensation and deterrence – the Court looks to guidance from the Supreme Court's decision in *Kirtsaeng*, which emphasized that fees could be appropriate to address "a party's litigation misconduct" or "to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims" even if the party's claims or defenses are not technically unreasonable.  136 S. Ct. at 1988–89.  For example, in *Viva Video, Inc. v. Cabrera*, cited favorably by the Supreme Court in *Kirtsaeng*, the district court awarded fees after an attorney falsely signed an affidavit under a corporation president's name without informing the court.  9 F. App'x 77, 78 (2d Cir. 2001).  Similarly, in *Bridgeport Music, Inc. v. WB Music Corp.*, also cited favorably in *Kirtsaeng*, the district court awarded fees because a litigant (1) pressed a futile claim before a judge who had already rejected the exact same claim in a companion case and (2) engaged in a pattern of "overly aggressive litigation tactics," including "filing a single complaint over 900 pages long with hundreds of separate claims and defendants; engaging in discovery abuses; abusing the summary judgment process by submitting massive

statements of disputed facts which included legal conclusions and immaterial and argumentative assertions; and engaging in sharp pre-trial practices."  520 F.3d 588, 593 (6th Cir. 2008).

Although the Court recognizes that these cases do not reflect the full spectrum of conduct that may justify an award of fees under the fourth *Fogerty* factor, it cannot be seriously argued that Merkin's behavior in this case was comparable to the conduct of the losing parties in *Bridgeport Music* and *Viva Video.*  The Court thus again concludes that, on this record – as interpreted by the Second Circuit in *Casa Duse I* – the fourth *Fogerty* factor does not justify a fee award in this case under § 505 of the Copyright Act.[3]

### B.  28 U.S.C. § 1927

Of course, apart from its request for attorney's fees under the Copyright Act, Casa Duse again seeks sanctions against Reichman pursuant to 28 U.S.C. § 1927.  Under that statute, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Nevertheless, a district court "may" impose sanctions pursuant to § 1927 "only when there is a finding of conduct constituting or akin to bad faith."  *Casa Duse I*, 791 F.3d at 264 (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000)).  Thus, "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."  *Id.*  "[B]ad faith . . . may be inferred from the clear lack of merit of the claims."  *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d at 117; *see also Eisemann*

---

[3] The Court recognizes that Casa Duse seeks not only costs associated with the proceedings before this Court but also those associated with both appeals.  (Doc. No. 143 at 12.)  As a general matter, § 505 "explicitly authorizes attorney's fees 'as part of the costs' both at trial and upon appeal."  *See Adsani v. Miller*, 139 F.3d 67, 74 (2d Cir. 1998).  But the Court declines to award attorney's fees for the appeals in this matter for the same reasons discussed above.  Indeed, it must be acknowledged that Merkin fared much better in the Second Circuit than he did in the district court.

*v. Greene*, 204 F.3d 393, 397 (2d Cir. 2000) (noting that "[i]t is sometimes possible to infer bad faith from the meritlessness of a motion").  Courts in this Circuit are generally reluctant to impose sanctions on attorneys lest it deter them from zealously pursuing meritorious claims.  *See Gollomp v. Spitzer*, 568 F.3d 355, 373 (2d Cir. 2009); *see also Eisemann*, 204 F.3d at 396 ("We have interpreted the bad faith standard restrictively[,] . . . [and] have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes." (citation omitted)).

With respect to the defenses and claims asserted by Reichman under the Copyright Act, any finding of bad faith would seem to be precluded by the Second Circuit's determination in *Casa Duse I* that "Merkin's copyright claims . . . were not frivolous, objectively unreasonable, or patently meritless," and that there was "no indication in the record that Merkin utterly lacked belief in the merit of his copyright claim or that he intended only to harass Casa Duse."  791 F.3d at 262–63.  And while *Casa Duse II* clearly contemplated that the Court would consider the propriety of imposing sanctions on Reichman in connection with the common law breach of contract and conversion claims that Merkin never appealed, *Casa Duse II*, 740 F. App'x at 224–25, Reichman's untimely death makes the imposition of sanctions on those claims difficult and inappropriate, if not wholly impossible.

First, there is a strong argument that Casa Duse is precluded from bringing a sanctions motion against an attorney who is no longer living.  By its very terms, § 1927 permits a court to order an attorney who "unreasonably and vexatiously" prolongs the litigation "to satisfy *personally* the excess costs, expenses, and attorney['s] fees reasonably incurred because of such conduct."  28 U.S.C. § 1927 (emphasis added).  A deceased attorney is, by definition, not able to *personally*

satisfy such fees.  And while Federal Rule of Civil Procedure 25 allows for the substitution of *parties* in the event of a death, the Rule requires that "[a] motion for substitution . . . by any party or by the decedent's successor or representative" must be made within a certain time period.  Here, Reichman's daughter informed the Court and parties in a letter dated March 19, 2019, but not docketed until March 27, 2019, that Reichman passed away on February 7, 2019.  (*See* Doc. No. 145.)  Although Casa Duse may not have been aware of Reichman's death on March 22, 2019 when it filed its renewed motion for sanctions under § 1927, it was surely aware of Reichman's demise by March 27, 2019, when the Court granted its motion to serve Merkin by alternative means (*see* Doc. No. 146), and May 29, 2019, when it filed its Reply Brief (*see* Doc. No. 154).  Yet, remarkably, Casa Duse never sought to substitute Reichman's estate, nor did it even address the implications of Reichman's death on the motion for sanctions.

According to Rule 25, "[i]f the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a)(1); *see Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467, 470 (2d Cir. 1998).  Although Reichman was not technically a "party" in this action, a judgment was entered against him on the § 1927 motion, and he was a party on both appeals.  Rule 25, in part, serves to protect the timely administration of a decedent's estate.  *See Cheramie v. Orgeron*, 434 F.2d 721, 725 (5th Cir. 1970) ("[I]t must be recognized that a purpose of Rule 25(a) is to protect the repose of decedents' estates by preventing interminable delays in the distribution of assets and the closing of estates.").  Casa Duse's failure to move for substitution – and apparent failure to notify Reichman's heirs of its efforts to collect on Reichman's estate – clearly did not advance those goals.

But even if Casa Duse's claim survives Reichman's death, the law of this Circuit is clear

that "before the court imposes '*any* kind of sanctions,' it must afford the person to be sanctioned

due process, including notice that sanctions may be imposed."  *Sakon v. Andreo*, 119 F.3d 109,

114 (2d Cir. 1997) (emphasis in original) (quoting *In re Ames Department Stores, Inc.*, 76 F.3d

66, 70 (2d Cir.1996)).  "Like other sanctions, attorney's fees certainly should not be assessed

lightly or without fair notice and an opportunity for a hearing on the record."  *Roadway Express,*

*Inc. v. Piper*, 447 U.S. 752, 767 (1980).  "An attorney whom the court proposes to sanction 'must

receive specific notice of the conduct alleged to be sanctionable and the standard by which that

conduct will be assessed, and an opportunity to be heard on that matter,' and 'must be forewarned

of the authority under which sanctions are being considered, and given a chance to defend himself

against specific charges.'"  *Sakon*, 119 F.3d at 114 (quoting *Ted Lapidus, S.A. v. Vann*, 112 F.3d

91, 97 (2d Cir. 1997)).

Although in *Casa Duse II* the Circuit clarified that the Court was permitted to impose

sanctions pursuant to § 1927 on the breach of contract and conversion claims, and in doing so did

not challenge the Court's finding that Reichman "grossly mischaracterized" the media agreement's

terms, *Casa Duse II*, 740 F. App'x at 224, Reichman died in February 2019 (Doc. No. 145), over

a month before Casa Duse filed its renewed motion for fees and sanctions (Doc. No. 142).  Thus,

while Reichman may have been given notice and opportunity to be heard on the *original* motion

for sanctions, he was not able to be heard on the *renewed* motion now before the Court.

Furthermore, the original motion for sanctions understandably focused on the Copyright Act and

did not specifically address whether or why sanctions were warranted for Reichman's conduct in

connection with the breach of contract and conversion claims.  (*See* Doc. No. 33, 21–25.)

Moreover, even assuming that the original briefing here was sufficient to meet the notice

requirements under *Sakon*, the fact remains that "§ 1927 by its terms ('*may* be required') confides

an award of fees against counsel to the Court's discretion." *Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.*, No. 01-cv-10135 (SAS), 2003 WL 22434153, at *7 (S.D.N.Y. Oct. 24, 2003); *see also Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 634 (S.D.N.Y. 2016) ("The Court has discretion to decide whether to impose sanctions under 28 U.S.C. § 1927 and its inherent authority . . . ."). And there are powerful reasons to decline imposing fees and costs on Reichman's estate here. Although the Court is aware of no precedent in which a court has ordered an attorney's estate to cover attorney's fees pursuant to a post-mortem § 1927 motion, that dearth of cases is hardly surprising.   At least one of the purposes of § 1927 sanctions is to deter egregious attorney misconduct. *See United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("By its terms, § 1927 looks to unreasonable and vexatious multiplications of proceedings; and it imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics."); *see also Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 247 (1st Cir. 2010) (listing a number of circuits that "have described the primary purposes of [§] 1927 to be deterrence and punishment of dilatory litigation tactics"); *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1177 (Fed. Cir. 1990) ("A trial court has broad discretionary authority in managing the litigation before it, and the deterrence of intentional and unnecessary delay in the proceedings, the ground here cited by the district court, is a principal purpose of 28 U.S.C. § 1927."). Obviously, the imposition of attorney's fees on Reichman's heirs will have no deterrent effect on the future behavior of Reichman; it will also punish innocent parties who had no role in the misconduct and do not appear to have benefitted from it.  Such collateral consequences run counter to the purposes of § 1927, and make such relief inappropriate here.

Of course, the Court is sympathetic toward Casa Duse, which has had to endure an

extended and costly litigation involving baseless defenses and counterclaims.[4]  Nevertheless, on the record before it, the Court declines to impose sanctions in the form of attorney's fees on Reichman's estate.

CONCLUSION

For the foregoing reasons, Casa Duse's renewed motion for fees and costs is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 142.

SO ORDERED.

Dated:         June 1, 2020
               New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[4] It should be noted that Casa Duse still has a judgment and an award of attorney's fees pursuant to the Copyright Act against the corporate defendant, which never appealed the Court's original ruling.