UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

16 CASA DUSE, LLC,

                              Plaintiff,

    -v-                                                 No. 12-cv-3492 (RJS)
                                                         ORDER

ALEX MERKIN, *et al.*,

                              Defendants.

RICHARD J. SULLIVAN, Circuit Judge:

       On October 26, 2018, the Second Circuit vacated the Court's denial of Plaintiff 16 Casa Duse LLC's ("Casa Duse") renewed motion for attorney's fees and costs under section 505 of the Copyright Act and sanctions under 28 U.S.C. § 1927, and remanded for further proceedings. *16 Casa Duse LLC v. Merkin*, 740 F. App'x. 223 (2d Cir. 2018). In light of the Circuit's ruling, the Court issued an order on June 1, 2020 denying Casa Duse's renewed motion for attorneys' fees and costs (the "June 2020 Order"). (Doc. No. 156.) Now before the Court is a motion from Casa Duse seeking reconsideration of the June 2020 Order. (Doc. No. 157.) For the reasons set forth below, Casa Duse's motion is granted in part and denied in part.

       A motion for reconsideration pursuant to Local Civil Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995). "Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petroiam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). A motion

for reconsideration "may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *Am. ORT, Inc. v. ORT Israel*, No. 07-cv-2332 (RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (internal quotation marks omitted); *accord Kahala Corp. v. Holtzman*, No. 10-cv-4259 (DLC), 2011 WL 1118679, at *1 (S.D.N.Y. Mar. 24, 2011) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, *Inc.*, 265 F.3d 97, 115 (2d Cir. 2001)).

Although Casa Duse submitted its motion for reconsideration after the fourteen-day period provided by Local Civil Rule 6.3, the Court will nonetheless consider it on the merits. Casa Duse makes two principal arguments regarding reconsideration. First, Casa Duse contends that the June 2020 Order erroneously states that Casa Duse has a judgment against the corporate defendant, and requests that, "[t]o the extent that the Court's exercise of its discretion in equity was affected by the understanding that some relief may have existed," the Court should reconsider its decision. (Doc. No. 157 at 1.) Because Casa Duse is correct that there is no judgment against the corporate defendant, the June 2020 Order is hereby VACATED, and an amended order will be issued removing any reference to a judgment against the corporate defendant. However, because the Court's decision to deny Casa Duse's request for fees was unaffected by the erroneous reference to the corporate defendant, the Court declines to reconsider the denial of costs and fees on that basis. For the reasons articulated in the June 2020 Order, and to avoid any possible confusion, the Court reaffirms its prior ruling that an award of costs is not warranted in this matter.

Second, Casa Duse argues that the Court failed to recognize "that the basis for the motion for fees was not simply about motion practice or the many frivolous counterclaims and defenses Casa Duse had to fend off," but instead included Merkin's improper desire to engage in litigation based on his belief in his "moral rights," his belated adoption of his "separate copyright theory,"

2

and his desire to have the Court "legislate copyright law through a series of advisory opinions and otherwise throwing everything at the wall to see what stuck."  (*Id.* at 1–2.)  But whether or not these factors are truly distinct from Merkin's "frivolous litigation positions and motion practice," which were undeniably the heart of Casa Duse's motion for fees (*see* Doc. No. 143 at 8–9), the fact remains that none of this constitutes "new data" that the Court overlooked, *Shrader*, 70 F.3d at 256–57 (2d Cir. 1995).  Simply put, the Court has repeatedly assessed Merkin's motivation and his actions, and has concluded that these do not merit an award of fees and costs in light of the Second Circuit's pronouncements regarding the reasonableness of Merkin's litigation positions.  Accordingly, the Court declines Casa Duse's invitation to "re-litigat[e] issues already decided by the Court."  *Am. ORT, Inc.*, 2009 WL 233950, at *3.

Finally, to the extent Casa Duse suggests that the Court misapplied the relevant legal standard, Casa Duse is mistaken.  Specifically, Casa Duse contends in a footnote that (1) "the Supreme Court in *Kirtsaeng* [*v. John Wiley & Sons, Inc.*, 136 S. Ct. 1879 (2016),] did not indicate that the precedent under the 'compensation and deterrence' factor out of the Second Circuit was abrogated," and (2) "[t]he [Second Circuit's] suggestion that some award may well be proper reflects that the Court's discretion is not contained to analogies to the facts of any particular case or two."  (Doc. No. 157 at 1 n.2.)  But the June 2020 Order never suggested that *Kirtsaeng* abrogated all existing Second Circuit case law regarding the "compensation and deterrence" factor set out in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).  Instead, it looked to *Kirtsaeng* – which the Circuit specifically highlighted on appeal, *see 16 Casa Duse*, 740 F. App'x at 225 – and the cases cited therein for guidance on when fee-shifting is appropriate even if a party's claims are not unreasonable.  In doing so, the Court explicitly "recognize[d] that the two cases [cited in *Kirtsaeng*] do not reflect the full spectrum of conduct that may justify an award of fees under the

fourth *Fogerty* factor," compensation and deterrence.  (Doc. No. 156 at 7.)   In short, the Court did not misapprehend its discretion or misconstrue its authority to impose an award of fees.  It simply declined to do so based on the particular facts of this case.  Accordingly, Casa Duse's arguments are without merit.

For the reasons set forth above, IT IS HEREBY ORDERED THAT Casa Duse's motion is GRANTED in PART and DENIED in part, and that the Court's June 20 Order (Doc. No. 156) is VACATED.  The Court will issue an amended decision removing the contested reference to the corporate defendant.  The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 157.

SO ORDERED.

Dated:      June 23, 2020
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation